FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 25 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| EDDIE B. KEELING )<br>         Plaintiff )<br>                               )<br>    v.                         )<br>                               )<br> PACO STEEL & ENGINEERING )<br> CORP. d/b/a Paco Steel of     )<br> Arkansas                      )<br>         Defendant )  | Case No.: 3:16-cv-00220 JLH/PSH<br><br>This case assigned to District Judge Holmes<br>and to Magistrate Judge Harris |

## COMPLAINT

Eddie B. Keeling, for his Complaint against Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas, states and alleges:

### PARTIES

1. Eddie B. Keeling is and was at all times relevant to this cause of action a resident of Mississippi County, Arkansas. And his current address is 140 North Gosnell Street, Gosnell, AR 72315.

2. Paco Steel & Engineering Corp. is and was at all times relevant

-page 1 of 11 pages-

to this cause of action a corporation organized under the laws of California, the sole owner of and conducted business as Paco Steel of Arkansas, and authorized to do business in Arkansas. Its current address is 19818 South Alameda Street, Rancho Dominguez, CA 90221. And in Arkansas, David Paik, 4949 North County Road No. 967, Armorel, AR 72310 is Paco Steel & Engineering Corp.'s registered agent for service of process.

## JURISDICTION AND VENUE

3. The matter in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. § 1332.

4. All of the relevant acts and omissions described in this Complaint occurred in this judicial district.

5. This Court possesses jurisdiction—both subject matter and personal—and is the proper venue.

## FACTS

6. At all times relevant to this claim and cause of action, Temps Plus, Inc. was a business located in Mississippi County, Arkansas that, for other area businesses, provided staffing services.

7. At all times relevant to this claim and cause of action, Temps Plus, Inc. provided Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas staffing services.

8. Prior to 12 May 2015, Eddie B. Keeling became a Temps Plus, Inc. employee. And as a Temps Plus employee, Keeling was sent to Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas to work.

9. On or about 12 May 2015, Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas used in its factory one or more railway-type flatcars. These flatcars were called coil cars, moved on rails, and transported steel coils.

10. Prior to 12 May 2015, Paco Steel & Engineering Corp. d/b/a

Paco Steel of Arkansas modified one or more of its coil cars. This modification included the addition of a platform that was welded onto the front of one or more of its coil cars. This platform and the coil car's bed were not flush. The platform instead was closer to the ground. And it was designed so that the operator could stand on the platform and operate the coil car.

11. Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas provided no warning of any harm that its modified coil car might cause.

12. Prior to 12 May 2015, at the end of the rails on which the coil cars road, stops were installed. And at one or more of these stops, Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas made a modification. This modification included the placement at the stop of one board perpendicular to and across both rails. The board was placed so that, when the coil car approached the stop along the rail, the coil car would be stopped by the board rather than the stop.

13. Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas provided no warning of any harm that its modified rail and stop car might cause.

14. On or about 12 May 2015, Eddie B. Keeling was operating one of Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas's modified coil cars on a modified rail and stop. This was the first time that Keeling performed this task. But a supervisor told Keeling to move the coil car, and Keeling complied. Keeling stood on the platform, and as the coil car approached the stop, his foot was crushed between the platform and the board, resulting in the loss of multiple toes.

15. As a result of the injury Eddie B. Keeling suffered on or about 12 May 2015, he has undergone various medical treatments, including but not limited to surgical treatment, and will need future medical treatment.

16. As a result of the injury Eddie B. Keeling suffered on or about 12 May 2015, he has suffered permanent impairment and disfigurement.

## COUNT ONE—NEGLIGENCE

17. Eddie B. Keeling's injury was solely and proximately caused by Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas's negligence. This negligence included but is not limited to:

A. Failure to use ordinary care when making its modifications to the coil car, as described in the foregoing paragraphs, in order to protect those who would use the coil car from unreasonable risk of harm while it was being used for its intended purpose or while it was being used for any purpose which should reasonably be expected.

B. Failure to use ordinary care when making its modifications of the rail and stop, as described in the foregoing paragraphs, in order to protect those who would use the rail, stop, or both from unreasonable risk of harm while they were being used for their intended purpose or while they were being used for any

purpose which should reasonably be expected.

    C.    Failure to provide a safe workplace that was free of dangerous conditions.

    D.    Failure to warn of the hazards posed by the modified coil car.

    E.    Failure to warn of the hazards posed by the modified rail and stop.

    F.    Failure to adequately train Keeling.

    G.    And failure to adequately supervise Keeling.

18.    As a result of Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas's negligence, Eddie B. Keeling was injured. And this injury caused Keeling to incur damages. These damages include but are not limited to:

    A.    Past medical expenses;

    B.    Future medical expenses;

C. Past, present, and future pain and suffering and mental anguish;

D. Lost earnings;

E. And loss of earning capacity.

19. For Count One, Eddie B. Keeling demands a jury trial.

## COUNT TWO—PREMISES LIABILITY

20. On or about 12 May 2015, Eddie B. Keeling was upon Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas's premises for a purpose connected with the business of the owner, occupant, or both. Keeling therefore was at all times relevant to this cause of action an invitee.

21. Eddie B. Keeling's injury was solely and proximately caused by Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas's breach of its duty to an invitee. This breach included but is not limited to its failure to use ordinary care to maintain the premises in a reasonably safe

-page 8 of 11 pages-

condition for an invitee.

22. As a result of Paco Steel & Engineering Corp.'s breach of its duty to an invitee, Eddie B. Keeling was injured. And this injury caused Keeling to incur damages. These damages include but are not limited to:

    A. Past medical expenses;

    B. Future medical expenses;

    C. Past, present, and future pain and suffering and mental anguish;

    D. Lost earnings;

    E. And loss of earning capacity.

23. For Count Two, Eddie B. Keeling demands a jury trial.

WHEREFORE, Eddie B. Keeling requests judgment against Paco Steel & Engineering Corp. d/b/a Paco Steel of Arkansas in an amount greater than that required for federal jurisdiction in diversity of citizenship cases, attorney's fees, costs, and any and all other relief that, under the

law, is just and proper.

> EDDIE B. KEELING, PLAINTIFF
>
> By: _____
> David Landis, Ark. Bar No. 64023
> C. DAVID LANDIS LAW FIRM, P.A.
> 430 CR 931
> Paragould, AR 72450
> 870-335-9194 (telephone)
> 501-325-2412 (facsimile)
> lawyerdlandis@me.com
>
> and
>
> By: _____
> Keith L. Chrestman, Ark. Bar No. 96098
> CHRESTMAN GROUP, PLLC
> P.O. Box 128
> Jonesboro, AR 72403-0128
> 870-933-8517 (telephone)
> 870-203-9801 (facsimile)
> keith@chrestmangroup.com

(VERIFICATION ON FOLLOWING PAGE)

-page 10 of 11 pages-

## VERIFICATION

STATE OF ARKANSAS
COUNTY OF MISSISSIPPI

Eddie B. Keeling, first being duly sworn, states upon oath that the facts set forth in the above and foregoing Complaint are true and correct to the best of his knowledge, information, and belief.

*Eddie Keeling*
EDDIE B. KEELING

SUBSCRIBED and SWORN to before me this 11th day of August, 2016.

My Commission Expires:     *Terry Parker*
                           NOTARY PUBLIC

1-16-24
(SEAL)

OFFICIAL SEAL - #12397296
TERRY PARKER
NOTARY PUBLIC-ARKANSAS
MISSISSIPPI COUNTY
MY COMMISSION EXPIRES: 01-16-24